# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 25-868V

|  |  |
|---|---|
| HALEY WHISENHUNT,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: April 16, 2026 |

*Bobbie L. Flynt, Crandall & Pera Law, LLC, Chagrin Falls, OH, for Petitioner.*

*Sarah Christina Duncan, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION AWARDING DAMAGES[1]

On May 22, 2025, Haley Whisenhunt filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered she suffered a shoulder injury related to vaccine administration ("SIRVA") following receipt of an influenza ("flu") vaccine on October 19, 2022. Am. Petition at ¶¶ 2, 4. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 15, 2026, Respondent filed a Rule 4(c) Report and Proffer on award of compensation ("Proffer") indicating that Petitioner should be awarded $85,000.00 for pain and suffering. Rule 4(c) Report and Proffer at 5. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* On April 16, 2026, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Pursuant to the terms stated in the attached Proffer, **I award the following compensation:**

> **A lump sum payment of $85,000.00, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.**

This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

HALEY WHISENHUNT,

              Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

              Respondent.

No. 25-868V
Chief Special Master Corcoran
ECF

**RESPONDENT'S RULE 4(c) REPORT**
**CONCEDING ENTITLEMENT TO COMPENSATION**

On May 22, 2025, Haley Whisenhunt ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, 42 C.F.R. § 100.3, as the result of an influenza ("flu") vaccination she received on October 19, 2022.[1]  Petition at 1.

In accordance with Vaccine Rule 4(c), Rules of the United States Court of Federal Claims: Appendix B, the Secretary of Health and Human Services ("respondent") submits the following as his responsive report.  Medical personnel at the Division of Injury Compensation Programs ("DICP") at the Department of Health and Human Services have reviewed the petition and medical records filed in the case.  Their opinion is that this case is appropriate for compensation under the terms of the Act.

---

[1] Petitioner filed an amended petition on February 9, 2026, to correct the vaccination date in the preamble.  ECF No. 20.

**FACTUAL SUMMARY**

I.      Pre-Vaccination History

Petitioner had no history of shoulder pain or injury in the affected arm prior to the vaccination at issue.  *See, e.g.*, Exhibit ("Ex.") 3 at 786-80; Ex. 5 at 13-34, 56-61; Ex. 6 at 1-97; Ex. 8 at 14-52.

II.     Vaccination

Petitioner was a twenty-seven-year-old social worker when she received the flu vaccine in her right deltoid during an encounter to establish care with a new primary care provider ("PCP") on October 19, 2022.  Ex. 3 at 39.

III.    Onset

On October 31, 2022, twelve days after vaccination, petitioner had a telehealth PCP follow-up to discuss her laboratory results, and reported pain, decreased range of motion ("ROM"), and swelling in her right shoulder since her vaccination on October 19, 2022.  Ex. 3 at 841-43.  She was unable to lift her right arm to get dressed, and reported that ice, heat, acetaminophen, and ibuprofen provided no relief.  *Id.*  On exam, she had decreased ROM and tenderness to palpation.  *Id.*  The PCP diagnosed petitioner with acute right shoulder pain after vaccination, ordered an MRI, and prescribed high-dose Motrin.  *Id.* at 841-43, 863.

IV.     Treatment

A November 14, 2022 right shoulder MRI revealed a high-grade, partial-thickness tear of the infraspinatus tendon that was felt to be likely acute or subacute with edema extending into the musculature.  Ex. 3 at 809.  The interpreting radiologist noted fluid extending from the glenohumeral joint into the subacromial bursa and that the tear was "favored to be more recent given the presence of edema in the musculature."  *Id.*

On November 21, 2022, petitioner presented to an orthopedic physician assistant ("PA") and had positive impingement signs and reduced ROM on exam.  Ex. 3 at 762-68.  The PA administered a subacromial steroid injection, prescribed meloxicam, and referred petitioner to physical therapy ("PT").  *Id.*

Between December 9, 2022 and January 18, 2023, petitioner attended nine PT sessions. Ex. 3 at 517, 559-64, 587, 606, 625, 644, 663, 682, 701, 720-24.  At her initial evaluation, the physical therapist noted that she had a tentative surgery date of January 19, 2022, if she did not improve with PT.  *Id.* at 720-24.  Petitioner initially rated her pain 5-9/10 and complained of difficulty lifting and lying on her right side and that "[b]asically any movement or use of the R[ight] shoulder hurt[]."  *Id.*  She indicated that the steroid injection had "helped some."  *Id.*  On December 12, 2022, petitioner rated her pain 7/10 and reported that the steroid injection "seem[ed] to have worn off because her shoulder [wa]s really painful again."  *Id.* at 701. Although petitioner reported some improvement at her fifth session on December 21, 2022, *id.* at 644, she was reporting more severe or persistent pain at her sixth and seventh sessions.  *Id.* at 625, 606.  She reported "feeling a little better" at her eighth session on January 3, 2026.  *Id.* at 587.

On January 9, 2023, petitioner returned to the orthopedic PA, who noted that despite conservative measures, petitioner was still having pain with movement.  Ex. 3 at 559-64.  On exam, she had decreased ROM and strength with positive impingement signs.  *Id.*  Petitioner elected to proceed with surgery.  *Id.*

On January 19, 2023, a day after her ninth PT session, Ex. 3 at 517, petitioner had right shoulder arthroscopic surgery, including a subacromial bursectomy.  Ex. 7 at 82-83.  The

3

surgeon noted that petitioner's infraspinatus tendon was stable and healing, and that she did not have a rotator cuff tear.  *Id.*

Between February 3 and May 3, 2023, petitioner attended nineteen more PT sessions, during which she steadily improved in terms of pain and ROM.  Ex. 3 at 71, 90, 110, 129, 148, 194, 213, 232, 251, 270, 289, 311, 331, 350, 368, 387, 406, 424, 455-58.  At her final session, she reported no pain at rest, but complained that her shoulder was still sore.  *Id.* at 71.  She had full passive ROM with stretching, and the physical therapist noted that petitioner's pain and ROM had improved despite ongoing soreness.  *Id.*  The therapist recommended that petitioner continue her home exercise program and get back to the gym, and indicated that they would hold her chart for thirty days before discharging her from PT.  *Id.*

No further records pertaining to petitioner's claim since May 3, 2023, have been filed.

V.      Duration of Injury

Petitioner received treatment for her shoulder injury through May 3, 2023, approximately six and a half months post-vaccination.

VI.     Summary of Treatment

Over the course of six and a half months, petitioner underwent the following treatment for her shoulder symptoms:

- 28 sessions of PT (9 pre-surgery and 19 post-surgery);
- 1 steroid injection;
- 2 prescription medications (high-dose Motrin and meloxicam); and
- Surgery on January 19, 2023.

**ANALYSIS**

As noted above, DICP has reviewed the petition and medical records filed in this case and has concluded that compensation is appropriate.  DICP has concluded that petitioner's alleged injury is consistent with SIRVA as defined by the Vaccine Injury Table.  Specifically, petitioner had no history of pain, inflammation, or dysfunction of her right shoulder prior to vaccination; shoulder pain occurred within forty-eight hours after receipt of an intramuscular flu vaccination; shoulder pain and reduced ROM were limited to the side in which the vaccine was administered; and no other condition or abnormality has been identified to explain petitioner's shoulder pain.  42 C.F.R. § 100.3(a)(XIV)(B), (c)(10).  Additionally, based on the medical records outlined above, petitioner suffered the residual effects of her condition for more than six months.  Therefore, based on the record as it now stands, petitioner has satisfied all legal prerequisites for compensation under the Act.  *See* 42 U.S.C. § 300aa-11(c)(1)(D)(i), -13(a)(1)(B).

**PROFFER**

**I.          Items of Compensation**

Based on the evidence of record, respondent proffers that petitioner should be awarded $85,000.00 in pain and suffering.  *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees. This amount represents all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

5

II.        **Form of the Award/Recommended Payment**

The parties recommend that the compensation provided to petitioner should be made through one lump sum payment as described below and request that the Chief Special Master's decision and the Court's judgment award the following:[2]

A lump sum payment of **$85,000.00** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Haley Whisenhunt.

Petitioner is a competent adult.  Proof of guardianship is not required in this case.

## CONCLUSION

Respondent recommends that the Chief Special Master enter a decision finding petitioner entitled to compensation for a right-sided SIRVA occurring within the Table timeframe following petitioner's October 19, 2022 flu vaccination, and that the court award $85,000.00 for all damages available under Section 15(a) of the Vaccine Act.  This amount does not include reasonable attorneys' fees and litigation costs, which will be determined at a later date.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

NINA Y. REN
Trial Attorney
Torts Branch, Civil Division

---

[2]  Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

6

s/ Sarah C. Duncan
SARAH C. DUNCAN
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel:  (202) 514-9729
Email:  sarah.c.duncan@usdoj.gov

DATED:  April 15, 2026

## <u>CERTIFICATE OF SERVICE</u>

I certify that today, April 15, 2026, a copy of the foregoing pleading was served by electronic mail upon Bobbie L. Flynt at bobbie@injuryverdicts.com.


<u>s/ Sarah C. Duncan</u>

8